UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAVORES S.,<br><br>                  Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | CASE NO. 2:25-cv-00101-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 11, 14, 15, 21, 26, 27.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled. The Court accordingly **REVERSES** and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

//

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

# I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act was denied initially and following reconsideration. *See* AR 130. Plaintiff's requested hearing was held before the ALJ on May 31, 2022. *Id.* On June 16, 2022, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 142.

Plaintiff appealed the ALJ's decision, and the Appeals Council remanded the case for further administrative proceedings on April 19, 2023. AR 151. The ALJ held an additional hearing on January 18, 2024, and issued a second written decision concluding Plaintiff was not disabled on February 26, 2024. AR 17–34, 44–66. On November 12, 2024, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–6. On January 15, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1. Defendant filed the sealed AR in this matter on March 21, 2024. *See* Dkts. 5–9.

# II. BACKGROUND

Plaintiff was born in 1996 and was 9 years old on September 1, 2006, the alleged date of disability onset. AR 17, 32. Plaintiff has a limited education. AR 32. According to the ALJ, Plaintiff suffers from, at a minimum, the following severe impairments: diabetes mellitus; cannabinoid hyperemesis syndrome; gastroparesis; generalized anxiety disorder; posttraumatic stress disorder ("PTSD"); diabetic retinopathy; and substance abuse. AR 19. The ALJ found Plaintiff had a Residual Functional Capacity ("RFC") to perform light work with the following limitations:

> sitting, standing, and walking are each available for six hours in an eight-hour workday; [Plaintiff] can frequently perform all postural activities, except occasional climbing of ladders, ropes, or scaffolds; must avoid concentrated exposure to pulmonary irritants, hazards such as unprotected heights, and

dangerous moving machinery; right visual acuity is frequent; can interact superficially and occasionally with the general public; can work in the same room as coworkers, but not in coordination with them; and can adapt to simple workplace changes.

AR 22. Based on the assessed RFC, the ALJ found Plaintiff could perform work existing in significant numbers in the national economy and therefore was not disabled. AR 33.

### III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

In his Opening Brief, Plaintiff alleges the ALJ erred in evaluating Plaintiff's testimony, mental health opinions, and lay witness testimony. Dkt. 11 at 1. In his supplemental briefing, he argues the ALJ failed to properly account for Plaintiff's Drug Addiction or Alcoholism ("DAA") throughout the decision as required under SSR 13-2p and *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).[1] Given the significance of a proper DAA analysis to the overall RFC determination, the Court first considers the DAA objection raised in Plaintiff's supplemental briefing.

---

[1] On September 2, 2025, the Court granted Plaintiff's request to file supplemental briefing raising the DAA issue outside of Plaintiff's Opening Brief. *See* Dkt. 24.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 3

A.   **Two-Step DAA Analysis under SSR 13-2p and *Bustamante***

Pursuant to 42 U.S.C. § 423(d)(2)(C), an individual "shall not be considered to be disabled … if drug addiction or alcoholism would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). The key factor in determining whether DAA is a contributing factor material to the determination of disability is whether an individual would still be found disabled if she stopped using alcohol or drugs. *Id.* (citing 20 C.F.R. § 404.1535(b)(1)).

When analyzing substance abuse in a disability determination, the ALJ must first determine whether the claimant is disabled under the standard five-step process, including claimant's DAA. *Debra C. v. Dudek*, No. 3:24-cv-05518-TLF, 2025 WL 2538968 at *3 (Sep. 4, 2025) (citing *Bustamante*, 262 F.3d at 955). If the ALJ makes a disability finding at step one, the ALJ must then conduct the five-step sequence a second time to separate out the effects of DAA and determine whether the plaintiff would be found disabled if they ceased using drugs or alcohol. *Id.* Moreover, SSR 13-2p requires an ALJ to determine the nature of plaintiff's DAA, whether it is medically determinable, and how it interacts with each of plaintiff's impairments after a disability has been established.

Plaintiff argues the ALJ impermissibly relied upon Plaintiff's cannabis use to reject Plaintiff's subjective testimony that he was disabled by his frequent abdominal pain, nausea, and vomiting without first determining whether Plaintiff would have been disabled absent his substance use. Dkt. 21 at 4. Plaintiff emphasizes the ALJ failed to address whether his symptoms would be reduced to non-disabling levels absent his DAA, particularly because physicians attribute Plaintiff's symptoms to either gastroparesis or cannabis hyperemesis or both. *Id.* at 3 (citing AR 2060; 2082; 2521).

In response, the Commissioner argues the ALJ did not need to perform the second step of the *Bustamante* analysis in this case because the ALJ concluded Plaintiff was not disabled at the outset. Dkt. 26 at 2–3.

The Court acknowledges the second step of the *Bustamante* is not always required. However, an ALJ may only avoid the second step of the analysis when the Plaintiff is found not disabled *without separating out the impact of alcoholism or drug addiction*. *Bustamante*, 262 F.3d at 955 (emphasis added). In this instance, the ALJ did not perform the initial step as contemplated by *Bustamante* and SSR 13-2p when DAA is at issue.

As argued by Plaintiff, the ALJ discounted Plaintiff's frequent abdominal pain and vomiting at the outset on the basis that their severity was likely caused, at least in part, by his continued cannabis use against his physician's advice. *See* AR 24 (finding Plaintiff's testimony inconsistent with the  medical record as his nausea and stomach pain were likely "related to and adversely impacted by" his cannabis use); AR 24 (noting inconsistencies in Plaintiff's testimony and reports to medical providers regarding his DAA)[2]; AR 25 (finding Plaintiff's testimony regarding the severity and limitations of his symptoms to be greater than expected in part because of his cannabis hyperemesis exacerbating his abdominal pain and nausea); AR 26–28 (detailing Plaintiff lengthy history of emergency room visits for abdominal pain and vomiting while undercutting each instance by noting Plaintiff's ongoing cannabis use against doctor's orders).[3] In doing so, the ALJ improperly referenced Plaintiff's DAA to cast doubt on the

---

[2] The ALJ frames Plaintiff's testimony as contradictory simply because Plaintiff indicated "his ongoing cannabis use adversely affected his nausea, but then later stated it helped control his nausea." AR 24. The Court disagrees. Plaintiff acknowledging the long-term consequences of cannabis hyperemesis on his nausea symptoms as relayed to him by his physicians is not inconsistent with Plaintiff also experiencing the well-known, if admittedly temporary, nausea relief afforded by cannabis use.

[3] Notably, the ALJ's decision does not address Plaintiff's potential for chronic absenteeism given his impairments, with DAA or otherwise, despite acknowledging Plaintiff's extensive history of emergency department visits and

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

credibility of Plaintiff's symptom testimony, the necessity of his extensive medical record, and the credibility of the lay witness testimony. *See Debra C.*, 2025 WL 2538968 at *3 (finding *Bustamante* prohibits ALJs from "discounting medical opinions or subjective reports because of DAA before making a threshold determination whether the claimant is disabled, including all impairments").

The ALJ's decision impermissibly commingles Plaintiff's physical health issues with his DAA without making the required initial finding of disability. *See Debra C.*, 2025 WL 2538968 at *3; *see also Norman Kijakazi*, 650 F. Supp. 3d 1096, 1102 (D. Or. 2022) ("The ALJ erred when he failed to conduct the separate DAA analysis and yet, nevertheless, concluded Plaintiff was more functional and, therefore, not disabled when abstinent from substance abuse."). The ALJ's analysis treats Plaintiff's ongoing cannabis use as a material contributing factor to his disabling symptoms from the outset rather than performing the second step to determine if Plaintiff would still be found disabled without ongoing cannabis use.

Without a properly considered disability finding followed by a materiality analysis, the Court cannot determine whether the overall denial was legally proper. As such, the ALJ's legal error was not harmless. The ALJ's treatment of Plaintiff's cannabis use had a material impact on the ultimate disability determination, and thus remand for further consideration is warranted.

**B.    Remaining Issues**

Having found remand necessary for a proper SSR13-2p and *Bustamante*-compliant DAA analysis, the Court declines to address Plaintiff's remaining objections. Rather, the Court directs

---

hospitalizations. *See* AR 26 (noting Plaintiff's 29 emergency department visits over a 12-month period for abdominal symptoms); AR 27 (noting continued visits to the emergency department through July 2019 for abdominal symptoms); AR 65–66 (vocational expert testimony that Plaintiff needing to miss four days of work a month would preclude employment). On the whole, Plaintiff's medical history suggests its unlikely Plaintiff will be able to perform competitive work such that a DAA materiality determination is necessary. *See* Dkt. 21 at 2.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 6

the ALJ on remand to consider Plaintiff's subjective testimony, medical history, and lay witness testimony within the framework set forth above.

## IV.    CONCLUSION

For these reasons, the Court concludes the ALJ committed harmful error, and the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for additional administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 15th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge